[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

Lennox LAWRENCE
(Full name under which convicted)
PETITIONER

C-63915
(Prisoner number)

vs.

Prisoner Review Board
(Warden, Superintendent, or authorized
person having custody of petitioner)
RESPONDENT, and

**(Fill in the following blank only if judgment
attacked imposes a sentence to commence
in the future)**

ATTORNEY GENERAL OF THE STATE OF

ILLINOIS
(State where judgment entered)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO: 17-50240
(Supplied by Clerk of this Court)

**RECEIVED**

AUG 1 4 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Case Number of State Court Conviction:

75-5021

## PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered:

ILLINOIS Circuit Court of Cook County at 2600 South California Avenue in Chicago 60608

2. Date of judgment of conviction:


3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)

Murder and Murder and Attempt-at-Murder #75-5021

4. Sentence(s) imposed:

100 to 200 years plus 100 to 200 years plus 50 to 100 years


5. What was your plea? (Check one)
    (A) Not guilty  ( ✓ )
    (B) Guilty  ( )
    (C) Nolo contendere  ( )

If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:
DOES NOT APPLY

Revised: 06/04/15

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**PART I – TRIAL AND DIRECT REVIEW**

1. Kind of trial: (Check one):    Jury ( ✓ )    Judge only ( )

2. Did you testify at trial?    YES ( ✓ )    NO    ( )

3. Did you appeal from the conviction or the sentence imposed? YES ( ✓ ) NO ( )

    (A) If you appealed, give the

        (1) Name of court: _First District Appellate Court_

        (2) Result: _Conviction Affirmed_

        (3) Date of ruling: _Petitioner Cannot Recall_

        (4) Issues raised: _Petitioner does not remember_
_and has no access to Judicial Record_

    (B) If you did not appeal, explain briefly why not:

_DOES NOT APPLY_

4. Did you appeal, or seek leave to appeal, to the highest state court? YES ( ✓ )    NO ( )

    (A) If yes, give the

        (1) Result: _Rule 315 Petition Denied_

        (2) Date of ruling: _Petitioner Cannot Recall_

        (3) Issues raised: _Petitioner does not remember and has_
_no access to Judicial Record_

    (B) If no, why not: _DOES NOT APPLY_

5. Did you petition the United States Supreme Court for a writ of *certiorari*? Yes ( ✓ ) No ( )

    If yes, give (A) date of petition: _??? _ (B) date *certiorari* was denied: _??? _

Revised: 06/04/15

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## PART II – COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

   YES (✓) NO ( )

   With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

   A. Name of court: _Cook County Circuit Court in Chicago 60608_

   B. Date of filing: _Petitioner Cannot Recall_

   C. Issues raised: _Petitioner does not remember and has no access to Judicial Record_

   D. Did you receive an evidentiary hearing on your petition?   YES ( ) NO (✓)

   E. What was the court's ruling? _Petition Dismissed Uncontested_

   F. Date of court's ruling: _Petitioner Cannot Recall_

   G. Did you appeal from the ruling on your petition?   YES (✓) NO ( )

   H. (a)   If yes, (1) what was the result? _Affirmed Trial Court Dismissal_

             (2) date of decision: _Petitioner Cannot Recall_

     (b)   If no, explain briefly why not: _DOES NOT APPLY_

   I. Did you appeal, or seek leave to appeal this decision to the highest state court?

   YES (✓) NO ( )

     (a)   If yes, (1) what was the result? _Rule 315 Petition Denied_

             (2) date of decision: _Petitioner Cannot Recall_

     (b)   If no, explain briefly why not:

   _DOES NOT APPLY_

Revised: 06/04/15

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?     YES ( )     NO ( )

    A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

        1.    Nature of proceeding      *Postconviction Petition*

        2.    Date petition filed        *July 2015*

        3.    Ruling on the petition     *None Yet*

        4.    Date of ruling          *Pending*

        5.    If you appealed, what was the ruling on appeal?    *D. N. A.*

        6.    Date of ruling on appeal   *D. N. A.*

        7.    If there was a further appeal, what was the ruling ?    *D. N. A.*

        8.    Date of ruling on appeal   *D. N. A.*

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?     YES ( )     NO (✓)

    A. If yes, give name of court, case title and case number:   *DOES NOT APPLY*

    B. Did the court rule on your petition? If so, state

        (1) Ruling:   *DOES NOT APPLY*

        (2) Date:   *D. N. A.*

4. With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?     YES (✓)     NO ( )

    If yes, explain:

*Postconviction Petition seeking redress of grievance against excessive sentence of imprisonment as a juvenile in proceedings resulting in this substantial denial of due process defined and made specific by Miller -v- Alabama, 132 S.Ct. 2455 and a long list of related decisions.*

4

Revised: 06/04/15

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## PART III – PETITIONER'S CLAIMS

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A) Ground one _Attempt-at Compulsory Self-Incrimination_
Supporting facts (tell your story briefly without citing cases or law):

Respondents are acting under color of a State Law which authorises Them to pretend Petitioner is a more monsterous offender than the laundrylist of other murder convictions They have released in the past 42 years, then arbitrarily and vaguely and oppressively and repeatedly proclaim that Petitioner's release on parole "at this time" would deprecate the seriousness of the offence, as a cruel punishment for Petitioner adamantly refusing to be a Government witness against himself in this Illinois criminal case.

(B) Ground two _Unjust Denial of Due Process_
Supporting facts:

Respondents are acting under color of a State Law which authorises Them to ignore the Hundreds of Thousands of all types of Murders that have occurred in the 42 years since Petitioner was unreasonably seized, and thenceforth deviously and inexplicably and oppressively and repeatedly issue the ridiculous declaration that Petitioner's conditional release "at this time" would promote disrespect for the law.

Revised: 06/04/15

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(C) Ground three    Infliction of Cruel Punishment

Supporting facts:

After pooh-poohing everything related to judicial opinions like Miller -v- Alabama, 132 S.Ct. 2455, Respondents are Illinois Prisoner Review Board Members who committed the Official Misconduct of obstructing justice in excess of Their lawful authority, with intent to obtain the professional advantage of justifying Their infliction of cruel punishment, by fraudulently concealing evidentiary fact that Petitioner has been restored to useful citizenship.

(D) Ground four

Supporting facts:

2.  Have all grounds raised in this petition been presented to the highest court having jurisdiction?
    YES ( )  NO (✓)

3.  If you answered "NO" to question (2), state briefly what grounds were not so presented and why not:

Petitioner does not Know of any State Court that would hear a complaint against illegitimate acts of Respondents.

6

Revised: 06/04/15

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## PART IV – REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing _____ DOES NOT APPLY _____

(B) At arraignment and plea _____ D. N. A. _____

(C) At trial _____ D. N. A. _____

(D) At sentencing _____ D. N. A. _____

(E) On appeal _____ D. N. A. _____

(F) In any postconviction proceeding _____ D. N. A. _____

(G) Other (state): _____ D. N. A. _____

## PART V – FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )    NO (✓)

Name and location of the court which imposed the sentence: _____ DOES NOT APPLY _____

Date and length of sentence to be served in the future _____ DOES NOT APPLY _____

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: **8-10-2017**
     (Date)

_____
Signature of attorney (if any)

**I declare under penalty of perjury that the foregoing is true and correct.**

_Jennof Lawrence_
(Signature of petitioner)

**#C 63915**
(I.D. Number)

**2600 n. Brinton Ave. Dixon, IL, 61021**
(Address)

Revised: 06/04/15

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

LAWRENCE -vs- IL P.R.B.        Habeas Corpus Action

## AFFIDAVIT IN SUPPORT OF
## PETITION FOR HABEAS CORPUS RELIEF

I, Lennox LAWRENCE #C-63915 in the Illinois State Penitentiary at Dixon 61021, being first duly Sworn upon My Oath to Tell the Truth, thereunder Swear That:

1.      I am a United States citizen subject to the jurisdiction thereof, and I have full legal capacity to enter and exit contracts.

2.      I am submitting this Affidavit in Support of my foregoing Petition to enjoy my Privilege of a Habeas Corpus Writ to redress my grievance against being in custody in violation of Our Constitution.

3.      In merciless violation of rights and privileges Sovereignly Promised and/or Federally Guaranteed by the Constitutions and/or Laws of Illinois and/or the United States, Members of the Prisoner Review Board, with intent to subject me to arbitrary and oppressive treatment for purpose of inflicting cruel punishment, are acting under color of a State statute which authorises them to compel me to be the People's witness against myself in this Government's criminal case or suffer the consequences of being repeatedly denied conditional release on parole without due process of law.

4.      After saying the same thing more than 20 times, said Members adamantly refuse to say what appears in my judicial and/or institutional record that warrants parole denial (Exhibit LL/20 JUN'17-A).

8

LAWRENCE -vs- IL P.R.B.        Habeas Corpus Action

5.        Said Board Chairman Findley and Member Johnson, in particular, are consciously disregarding the substantial and unjustifiable speculation that systematically — on more than 25 separate occasions — make-believing I have not been restored to useful citizenship, and granting me limited liberty for such restoration in free society — at all these different times — would deprecate the seriousness of the offence "and" promote disrespect for the law, without a short and simple major plus minor premise that lead to these conclusions, would result in no legitimate reason at all for denying me parole.

6.        This disregard constitutes a radical deviation from the standard of care and judiciousness which any fundamentally fair and benevolent Executive Authority employee ought to exercise in this situation, as opposed to proclaiming for the umpteenth time that my application for parole is denied for reasons so vague as to violate due process.

7.        Since the United States Judicial Power extends to all Habeas Corpus Cases in Equity, I assert that due process calls for this Federal District Court to hold that the Illinois General Assembly legislatively intended that qualification for conditional release from fenced-in penitentiary imprisonment be treated as part of the penalty for conviction, and that denial of such parole is a forfeiture of eligibility therefor plus unprovoked additional painful punishment.

LAWRENCE -vs- IL P.R.B.      Habeas Corpus Action

8.      Exhibits #LL 20 JUN'17 A to C  are my offers of proof that I wrote Mr. Chairman Findley, to specifically ask (A) just about when will my release no longer deprecate the seriousness of the offence, and (B) how would my release promote disrespect for the law.

9.      To tacitly apprise me of his inability to answer these two simple questions, Mr. Chairman Findley flatout refused to respond to this letter.

10.      Exhibits #LL 07 JUL'17 A to C are my offers of proof that I wrote this Court to request, inter alia, what remedy must I exhaust to enjoy my Habeas Corpus Privilege.

11.      Upon supply of the foregoing Petition for a Writ, I received nothing that designates the State remedy I need to exhaust before applying to this Court for justice.

12.      Exhibits #LL 19 JUL'17 A to F is a Petition that said Board grant me a Re-Hearing of my application for parole, or furnish me a summary statement of the reasons for why: (A) I have not been restored to useful citizenship; (B) my release would deprecate the seriousness of the offence; and, (C) my release would promote disrespect for the law.

13.      I surmise that this Petition for Rehearing or Reasons has been hereunto ignored because the Prisoner Review Board cannot describe a fictitious matter in a factual manner, so judicial intervention is needed to stimulate their due response.

10

LAWRENCE -vs- IL P.R.B.        Habeas Corpus Action

14.        Exhibits #LL 27 JUL'17 A to C is the 60-day-late Notice of said Board's Decision which says my release would deprecate the seriousness of the offence, presumably, because I refuse to be a Government witness against myself by confessing crimes I did not commit; and also says my release would promote disrespect for the law, presumably, because I have not taken advantage of educational or other programs; however, even tho every Member of the Board has been made aware that I was excessively sentenced pursuant to _Miller -v- Alabama_, 132 S.Ct. 2455, and People -v-Allen, 2013 IL App.(1st) 102884, and _People -v-Davis_, 2014 IL 115595, and _People -v- Williams_, 982 N.E.2d 181, their Decision does not so much as insinuate why — after 42 years of cruel punishment — I have not been restored to useful citizenship.

THEREFORE, and because I obviously have no right nor privilege said Board Members believe They are bound to respect, I profoundly wish this United States District Court of Northern Illinois would issue Orders that command Respondents to apprise this tribunal of the three questions on Page 5 at Paragraph 19 of Exhibit #LL-19 JUL'17-E, as I declare under the penalty of perjury prescribed by law that all of the foregoing statements are true and correct and executed as such by me.

THIS __10 -__ of August 2017        _Lennox Lawrence_
                                    Lennox LAWRENCE. Affiant
                                    Prisoner No. C-63915
                                    Illinois State Penitentiary
                                    Dixon 61021.

11

20 JUN '17

Honorable Mr. Chairman Finley
State Prisoner Review Board
319 East Madison #A
Springfield, IL 62701

EXHIBIT
LL
20 JUN'17A

Mr. Chairman Finley :

After profoundly praying Our Heavenly Father Is Blessing you with excellent health and peace of mind, I am writing to implore that you apprise me of the reason or rationale for why you need to repeatedly subject me to so much torment and agony.

State Law — 730 ILCS 5/1-1-2 — says Three Purposes of the Code of Corrections are :

(A)    to prevent arbitrary judgments and orders that cause Prisoners to suffer needless punishment ;

(B)    to prevent oppressive treatment of Prisoners ; and,

(C)    to restore Prisoners to useful citizenship.

Sections 5/3-3-1 and 3-3-5 further say that your Prisoner Review Board must keep records of all your official acts, and you must make such records accessible in accord with the law and rules of your Board ; and that, both, in said records and in written notice to the Prisoner on whose application you have acted, your Board is obliged to state the basis for your Decision to Deny Parole.

With respect to Parole, the law defines "Eligible" as fit and proper to be chosen for supervised liberation ; wherefore, on more than thirty separate occasions, I have been legally qualified to yield to requirements of parole, and do the work connected with parole.

1

EXHIBIT LL 20 JUN'17B

63915 LAWRENCE        Request Parole Denial Reason

However, despite my capability of living and remaining at liberty without violating the law, your Prisoner Review Board has, on more than the past twenty consecutive occasions, found it judicious and just to enter the judgments that my release would belittle the seriousness of the offence, and would promote disrespect for the law.

Hereunto, you have not ever, one time yet, furnished me anything remotely resembling an explicatory reason nor rationale for why my conditional release would be so disparaging and menacing.

Thus, on the presumption that you are not blatantly circumventing and contravening the aforesaid Purposes of the Corrections Code, by capriciously torturing me, and unjustly loading me down with a backbreaking burden, and consciously disregarding that I was restored to useful citizenship years ago, I am requesting you furnish me a copy of whatever it is that has over-n-over-n-over induced you to reasonably believe my conditional release would promote disrespect for the law.

Also, I wish you would inform me as to "just about when" will my release no longer depricate the seriousness of the offence.

Mr. Chairman, all things considered, I do not have the foggiest concept of why my release from 42 years of cruel punishment could possibly express disapproval of my excessive sentence; or how setting me semi-free would cause an emulation of John Wayne Gacy or Ted Bundy or Son-o-Sam or Jeffrey Dahmer or John Hinckley, or perhaps incite another Columbine High or Oklahoma Federal Building or Virginia Tech or World Trade Center or Sandyhook School or Charleston Church or Miami Pulse Nightclub or other Massacre my confinement did not provoke.

2

Prisoner #C-63915 LAWRENCE        Request Parole D...

EXHIBIT
LL
20 JUN'17C

WHEREFORE, in view that 730 ILCS 5/3-3-5 makes it mandatory that your Prisoner Review Board set forth the fundamental truth upon which you repeatedly conclude that the seriousness of the offence would be belittled, and disrespect for the law would be advanced, by my conditional liberation, if you fail or refuse to furnish me this specifically requested explanation of said disparagement and disrespect you have been conjecturally proclaiming over-n-over for more than a quarter of a century, I shall assume your nonfeasance is the result of your inability to produce such written narration.

THEREFORE, in closing, I am looking for your prompt response, as I thank you and remain

Respectfully,

Lennox LAWRENCE
Prisoner No. C-63915
Illinois State Penitentiary
Dixon 61021.

3



Fourth of July 2017

Office of the Clerk
United States District Court
Rockford, IL 61101



Mr. or Ms. Federal Officer:

I am writing to request information about your exhaustion requirements and the forms for enjoyment of my Privilege of a Habeas Corpus Writ to this Federal District Court to redress my grievance against being deprived of liberty without due process of law.

Specifically, I am seeking relief from the arbitrary and oppressive denial of my application for parole release by the Illinois Prisoner Review Board.

For more than 20 times, said Review Board has unjustifiably proclaimed that my release would deprecate the seriousness of the offence and promote disrespect for the law, when every Member thereof know this repetitious decision is deficient because Nobody can state one essential fact which supports the basis for Their denial of my prayer for parole.

On the ground that 730 ILCS 5/3-3-1 et seq., which governs parole, provides me a reasonable and legitimate expectation of release upon probable cause for an official belief that I have been restored to useful citizenship, I sincerely believe these State statutes give rise to a liberty interest that is subject to protection under the due process clause.

1 of 2

In re LAWRENCE #C-63915    Letter of Inquiry

EXHIBIT
LL
07 JUL '17
C

   To the best of my knowledge, and unlike State Courts
on standby to review contested judgments and orders, there is
no appellate bench for challenging an impermissible
parole denial.
   Thus, my question is : "WHAT AVAILABLE STATE
REMEDY MUST I EXHAUST BEFORE I MAY
LEGALLY PETITION FOR HABEAS CORPUS RELIEF?"
   In closing, I wish you would answer this
question for me, then send me the forms you require
be filed for said relief, as I thank you and remain

                    Respectfully,

                    Lennox LAWRENCE
                    Prisoner #C-63915
                    Illinois State Penitentiary
                    Dixon 61021.

TO THE STATE OF ILLINOIS
PRISONER REVIEW BOARD
319 EAST MADISON #A
SPRINGFIELD 62701

In the Matter of :

<u>LENNOX LAWRENCE #C-63915</u>
an Application for Parole



## PETITION FOR REHEARING
## OR REASONS FOR DENIAL OF PAROLE

MR. CHAIRMAN FINLEY, because you have not
responded to my June 2017 Letter wherein I specifically
requested a short and simple statement of the reasons
for why you denied my application for parole, and because
I have need of exhausting an available State remedy to
become eligible for habeas corpus relief, I am the
above-captioned Prisoner who files this Petition for Re-Hearing
and Grant of Parole or a statement of the reasons for
denying me such conditional release, and in support
thereof I Swear That:

    1.    I am entitled to the clemency of parole
because I am the actually innocent victim of an atrocious
miscarriage of justice, and I been subjected to 42 years
of cruel punishment pursuant to the null and void
jurisdiction and judgment of a State Court.

    2.    The facts of this matter more fully appear
in the hereto attached Affidavit :

1

In re LENNOX LAWRENCE #C-63915    Petition Parole Rehearing

# A F F I D A V I T
## SUPPORTING REHEARING PETITION

EXHIBIT
LL
19 JUL '17
B

I, Lennox LAWRENCE #C-63915 in the Illinois State Penitentiary at Dixon 61021, being first duly Sworn upon My Oath to Tell the Truth, hereinafter set forth facts according to my own personal Knowledge, and in accord with what I reasonably believe to be true, and thereunder I Swear That:

1.      I am subject to the jurisdiction of the United States, and I have full legal capacity to contract.

2.      I am submitting this Affidavit in Support of my foregoing Petition for Parole Rehearing, as I sincerely believe I am being deprived of Liberty, and the ability to make money, without Due Process of 730 ILCS 5/3-3-2(d), plus the Federal Court Decisions of Greenholtz -v-Nebraska, 99 S.Ct. 2100, and U.S. for Scott -v- IL Parole Board, 669 F.2d 1185, in violation of the 14th Amendment of the United States Constitution.

3.      I contend the Illinois Prisoner Review Board, after more than 25 Hearings in 42 years, continues to act under color of a State law which authorises Members thereof to assume the parole release statute does not create any presumption that I should be conditionally released, if They decide to arbitrarily and oppressively fancy that two of the specified grounds for denial were found to exist, so said statute does not create any constitutional liberty interest entitled to any measure of protection.

2

In re LENNOX LAWRENCE #C-63915    Petition Parole

EXHIBIT
LL
19 JUL 17
C

4.    Since my due process privilege has been defined and made specific by Federal Court Decisions, I believe I am entitled to be told why my release at this time — after more than 25 times — would deprecate the seriousness of the offence, and at approximately what time would my release not promote disrespect for the law.

5.    Moreover, at a bare minimum, I am entitled to be informed of what appears in my judicial and/or institutional record that caused a Member of this Prisoner Review Board to find denial is warranted.

6.    Conversely, there is a laundrylist of reasons for why 42 years of oppression for allegedly killing two streetgangsters is more than enough cruel punishment to justify my limited liberty.

7.    In accordance with 730 ILCS 5/3-3-2, said Board should have Granted me release on Parole.

8.    I have been restored to useful citizenship, in fulfilment of the purpose prescribed by 730 ILCS 5/1-1-2(d), and the objective sovereignly promised by Section 11 of Article 1 of the Illinois Constitution.

9.    There is no risk whatsoever that I will not conform to legitimate and/or reasonable conditions of parole.

10.   There is no existence of a prior felony conviction in my judicial record.

3

In re LE... RENCE #C-63915    Petition Parole Rehearing

EXHIBIT
LL
19 JUL 17
D

By no exaggeration of comportment can Anybody describe an apparent pattern of aggressive behaviour I have ever exhibited anywhere.

12.    Said record has no report of any prior adult parole or probation violation erstwhile to this conviction.

13.    It would be nothing more than a ridiculous pretence to postulate that I would refuse to be supervised on parole.

14.    It has been made clear as the color of my skin that I have a place of residence and financial support.

15.    No judicious psychiatric examination could ever determine that I am not likely to conform to rules of parole.

16.    Because I have never received one logical explanation for the repetitious excuse this Board proclaims to justify denying me release, it seems Members hereof say my release would deprecate the seriousness of the offence solely because I was convicted of murder; and likewise in repeatedly proclaiming that my release would promote disrespect for the law.

17.    Because I am truly the actually innocent victim of an atrocious miscarriage of justice, none of the mitigating nor aggravating circumstances described in 38 Ill. Rev. Stat. 1005-5-3.1 or 3.2 apply to me.

4

In re LENNOX LAWRENCE #C-6tion Parole Rehearing



18.   Regardless of whatever factor that could possibly be established by any perceiveable finding of the Administrative Review Board, my release would have a zero adverse effect on discipline in this or any other institution; because I have yet to be so much as burlesquely implicated in any physical attack on another prisoner or police official, and I ain't ever possessed any weapons or drugs, and I am not a reputed violator of either major or minor institutional rules; and of paramount importance, in the 42 years of this infliction of cruel punishment, I have never performed any act that is prohibited by law.

19.   In view that on more than 20 occasions, this Illinois Prisoner Review Board has used the phrase "<u>at this time . . . . . . . .</u>," I believe it to be no more than fundamentally fair that, as a guide to any Prisoner for his future behaviour, said Parole Authority ought to provide me a summary statement of the reasons for why:

(A)   I have not been restored to useful citizenship:

(B)   My release would deprecate the seriousness of the offence; and,

(C)   My release would promote disrespect for the law.

In re LENNOX LAWRENCE #C-63915      Petition ~~~~~~ ring

EXHIBIT
LL
19 JUL 17
F

WHEREFORE, if this State Prisoner Review Board should refuse to promptly grant me this requested Re-Hearing, and won't provide me these 3 short and simple reasons for denying me said conditional release, I shall reasonably infer such refusal to respond is this Board's tacit admission that I was arbitrarily and oppressively denied parole for no legitimate reason at all, and with conscious disregard of my constitutional due process right to such information.

THEREFORE, I declare under the penalty of perjury prescribed by law that all of the foregoing statements are true and correct and executed as such by me:

THIS __19__ of July 2017

Lennox LAWRENCE
Prisoner No. C-63915
Illinois State Penitentiary
Dixon 61021.

STATE OF Illinois
COUNTY OF ___

Sworn to (or affirmed) and subscribed before me
this 19ᵗʰ day of Jul, 2017, by Lennox Lawrence

Notary Public's Signature
My Commission Expires on ___7-12-2020___

Sally A. Joos
Notary Name

OFFICIAL SEAL
SALLY A. JOOS
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Jul 12, 2020

6

Illinois Prisoner Review Board
319 EAST MADISON STREET, SUITE A
SPRINGFIELD, ILLINOIS 62701

Received 31 JUL'17

EXHIBIT
LL
27 JUL'17A

Lennox Lawrence C63915
2600 N. Brinton Ave
Dixon, Ill
61021

28-06

UNITED STATES POSTAGE
PITNEY BOWES
$ 000.46⁰
02 1P
0004730950 JUL 27 2017
MAILED FROM ZIP CODE 62701

State of Illinois
## PRISONER REVIEW BOARD ORDER
Date: April 27, 2017

| Name | Number | Facility | Docket No. |
|---|---|---|---|
| LENNOX LAWRENCE | C63915 | DIXON | DC |

To the Warden --

The following order is your authority to release this individual on parole to the custody and supervision of the Office of Community Supervision, or continue to hold as indicated. If parole is ordered, said order is subject to being vacated prior to release to parole. Any release is contingent upon execution of Parole or Mandatory Supervised Release Agreement.

## PAROLE/MANDATORY SUPERVISED RELEASE REVOCATION:   X PAROLE CONSIDERATION:

☐ Found not to be a violator
☐ Declared a violator as of
_____ on

☐ Statutory Parole
☐ Mandatory Supervised Release
☐ Parole
☐ Parole or release revoked
☐ Continued to _____

☐ Parole or release continued

☐ Effective _____

☐ Effective when plans are approved

☐ Subject to Condition(s) of *Special Order* listed below
☐ Hearing continued to _____

☐ For further information
☐ For Court Disposition
☐ At inmate's request
☐ For Violation Report

**Violator Rationale**
The inmate named has violated parole/Mandatory Supervised Release because the

☐ Committed the crim_____

☐ Violated condit_____

_____
of the Parole or Release Agreement.

☐ Violated condition(s) _____

_____
of your Special Order.

☐ Absconded.

☐ Failed to report or falsified report(s).

**Evidence Relied Upon**
☐ Counselor's Report
☐ Police Report
☐ Witnesses testimony
☐ Own Admission

*EXHIBIT LL 27 JUL '17 B*

☐ Parole granted effective when
☐ Parole plans are approved
☐ Minimum is served
☐ Eligible

☐ Subject to regular conditions and

☐ Subject to condition(s) of *Special Orders* listed below

☑ Parole denied, continued to *March 2019*

☐ Hearing continued to _____

☐ Psychiatric Report requested
☐ For verification of parole plans
☐ At inmate's request

☐ Release date offer attached to and made a part of this order.

☒ See Rationale attached to and made a part of this Order

Order of _____
☐ Amended
☐ Stayed
☐ Vacated

---

**The Board finds that this evidence is sufficient because:**

_____
_____
_____
_____
_____
_____
_____

## PRISONER REVIEW BOARD:

---

**SPECIAL ORDER(S):**
You are obligated to the general rules governing parolees or mandatory supervised releasees and the following special order(s):

☐ Substance Abuse Counseling (CD)
☐ Anger Management Counseling (CG)
☐ Outpatient Mental Health Counseling (CP)
☐ Sex Offender Counseling (CX)
☐ Electronic Monitoring (CE) for a period of _____

☐ No Victim Contact (CT) _____
☐ Be released to the warrant or detainer against you. If the charge or charges on which the warrant or detainer is based are dismissed you shall be returned to an institution of the Department of Corrections for further consideration by the Board. (CW)
☐ Other: (CO) _____

Distribution: Board; Institution File; Resident; Clinical or Parole Services
IL 578-0011 (7/14)



STATE OF ILLINOIS
BRUCE RAUNER, GOVERNOR
**PRISONER REVIEW BOARD**
Craig Findley, Chairman

STATE OF ILLINOIS

**PRISONER REVIEW BOARD**

Name ___Lennox Lawrence_____ No. __C-63915_____ Date April 27, 2017

## RATIONALE

The basis for the Board's decision is as follows:

Inmate Lennox Lawrence was interviewed for parole consideration on March 8, 2017 at the Dixon Correctional Center. Present for the interview were Board Member Johnson and Inmate Lawrence. Factors considered include, but are not limited to: the inmate's institutional adjustment, a review of the file, the nature of the crime, the inmate's testimony, and potential parole plans.

Inmate Lawrence is now 60 years old, having served approximately 40 years of 100-200 years for two counts of Murder and 50-100 years for Attempt Murder, to run consecutively. Inmate Lawrence's sentence is for two murders and an attempt murder. These crimes occurred on June 13, 1975, at which time Inmate Lawrence and two co-defendants, pre-arranged a party at the home of one of the co-defendants, Wayne Lindsey. Inmate Lawrence and his three co-defendants, in an attempt to silence two witnesses in a murder trial, shot and killed two men and seriously wounded a third, who identified Inmate Lawrence as one of the shooters. Inmate Lawrence has consistently maintained he was not there and is innocent.

Inmate Lawrence's institutional adjustment continues to be very good, having received just 4 tickets in the past 21 years. While he has not taken advantage of educational or other programming during his incarceration, he had worked in many jobs, including electrical and plumbing. Were he to parole, Inmate Lawrence stated he would like to go to St. Leonard's House in Chicago. If that placement was not possible, he would like to go to his mother's home in Chicago. Inmate Lawrence currently has an outstanding immigration warrant from Jamaica and were he to be deported, he stated he has a brother and other family there who would help him.

After a complete review by the Board as to the relevant issues concerning parole, the Board once again voted to deny parole, for to do otherwise would deprecate the seriousness of the offence and bring disrespect for the law. Parole is denied

The Board also finds, under the authority of 730 ILCS 5/3-3-5, that it is not reasonable to expect parole to be granted prior to February 2019 and therefore continues Inmate Lawrence's next parole eligibility hearing to that docket.

TLJ ᴊᵇˢ

UNITED STATES DISTRICT COURT
NORTHERN ILLINOIS
ROCKFORD, IL 61101

LENNOX LAWRENCE #C-63915,

     Petitioner pro se,

−vs−                   CASE No. : _____

PRISONER REVIEW BOARD,

     Respondents.

## O R D E R

     THIS MATTER comes to be heard on petitioner's motion for an order directed to respondents and commanding them to file an answer which responds to the allegations of his pleading and proof of compelling him to be a witness against himself and denial of due process and cruel punishment infliction; so with all parties having been duly notified of this proceeding; and with the Court being well advised in the premises,

     IT IS HEREBY ORDERED that Respondents are given _____ days to file an Answer or other pleading that responds to the allegations of the Petition.

     IT IS FURTHER ORDERED that Respondents are given the same _____ days to file a summary statement of the reasons why: (A) Petitioner has not been restored to useful citizenship; (B) Petitioner's release would deprecate the seriousness of the offence; and, (C) Petitioner's release would promote disrespect for the law.

                ENTERED
                THIS _____ of August 2017,

                _____
                Judge.

Lennox Lawrence
Prisoner #C-63915
Illinois State Penitentiary
Dixon 61021

## COUNSEL OF PETITIONER.

2600 N BRinton AVE.

Dixon IL, 61021

OFFice of
CLERK of the U.S. DiSTRiCt COURt
United States CouRthouse
ROCKFORd IL, 61101